UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

COREY L. SANDERS,

Defendant.

______________________________/

Criminal Case No. 11-20479
Civil Case No. 15-11547

HON. MARK A. GOLDSMITH

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (Dkt. 23), DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL (Dkt. 22), DENYING DEFENDANT'S MOTION FOR A COMPETENCY HEARING (Dkt. 33), AND DENYING A CERTIFICATE OF APPEALABILITY**

Before the Court is Defendant Corey Sanders' motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Because Defendant's untimely motion states no basis for vacating his sentence, it is denied. Furthermore, Defendant has not demonstrated an entitlement to counsel, so his request for counsel is also denied. Finally, Defendant's motion for a competency hearing is denied.

## I. BACKGROUND

In 2011, Defendant approached a Michigan State Police vehicle that had just effectuated a traffic stop. Compl. at 2 (cm/ecf page) (Dkt. 1). Observing a bulge on Defendant's right hip under his shirt, the state troopers frisked Defendant for their safety and discovered a stolen handgun. Id. The troopers arrested Defendant, and subsequently found illegal drugs on his person. Id. An information charged Defendant with a single count of felon in possession of a firearm (Dkt. 6), to which Defendant pleaded guilty (Dkt. 10). A judgment entered on November 28, 2011. (Dkt. 21). Defendant did not appeal to the court of appeals.

Over three years later, Defendant filed the instant motion. (Dkt. 23). The Government provides a standardized form to assist defendants in bringing motions under 28 U.S.C. § 2255; in the spaces on the form prompting Defendant to explain the grounds for his claim that he is being unlawfully detained, he repeatedly wrote only that he "seek[s] counsel for assistance for this claim." Def. Mot. at 5, 6, 8, 9. Regarding his excuse for failing to timely file the motion, he stated that his "mental health conditions" prevented him from "understanding . . . the litigation process" sufficiently to timely appeal. Id. at 13.

**II. 28 U.S.C. § 2255 STANDARD**

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors generally are outside the scope of § 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal quotation marks and citation omitted).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

## III. ANALYSIS

### A. Defendant's Motion is Untimely

A motion brought under § 2255 generally must be filed within one year of the date on which a judgment becomes "final." 28 U.S.C. § 2255(f)(1). A judgment becomes "final" when the period to timely appeal expires. Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004). Pursuant to Federal Rules of Appellate Procedure, Defendant had 14 days from the date of his judgment to timely appeal his case. Fed. R. App. P. 4(b)(1)(A).

Here, the judgment against Defendant entered on November 28, 2011. Defendant's time to appeal expired on December 12, 2011, on which date the judgment became "final." The one-year statute of limitations applicable to § 2255 motions expired, therefore, on December 12, 2012. Yet, Defendant did not file the instant motion until March 22, 2014 — over 15 months late. According to the statute, Defendant's motion is untimely and, therefore, needs not be considered.

Although Defendant failed to strictly comply with the one-year statute of limitations period, the Court may consider whether the one-year statute of limitations should be equitably tolled. Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling only if he establishes that he has been "pursuing his rights diligently," and that "some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649. This inquiry should be made on a case-by-case basis. Id. A petitioner bears the burden of showing his entitlement to equitable tolling. See id.

Defendant has not shown an entitlement to equitable tolling. Although mental illness can be a basis for equitable tolling, it still must rise to the level of an extraordinary circumstance. See McSwain v. Davis, 287 F. App'x 450, 456 (6th Cir. 2008). Here, Defendant's allegations of mental illness are too general to permit any inference about the effect such illness might have had on this motion. The majority of documents provided by Defendant in fact relate to evaluations that were performed in the mid-1990s, and they primarily identify behavioral, rather than cognitive, problems. See generally Exhibits to Def. Mot. (Dkt 27). One exception is a Bureau of Prisons psychological report, created in 2014, but it does not contain a mental health diagnosis. Id. at 5 (cm/ecf page). Rather, it reflects Defendant's scores on various clinical psychological scales. Id.

More importantly, Defendant does not specifically explain how his mental illness affected his ability to timely file his motion. Rather, in response to a prompt for an excuse as to why he did not file his motion within one year of the judgment becoming final, Defendant merely states that he has "mental health issues and conditions, which lacked my understanding [sic] of the litigation process." Def. Mot. at 13. Contrast this claim with a case in which a court found that equitable tolling was appropriate. In Ata v. Scutt, the petitioner "pointed to two

specific ways — being hospitalized and medicated — in which his mental illness prevented him from understanding and complying with" the statute of limitations. 662 F.3d 736, 743 (6th Cir. 2011) (emphasis added). As a result, the Ata court held that the district court had erred by denying the petitioner's motion for equitable tolling. Id. at 745.

Defendant, on the other hand, has not asserted any such specific causal link between a mental illness and the untimeliness of his petition. And his multiple pro se filings demonstrate an ability to communicate ideas that are at least as complex as those communicated by the defendant in Ata. See, e.g., Letter in Support of Def. Mot. (Dkt. 29). Accordingly, equitable tolling is inappropriate, and Defendant's motion is denied as time-barred.

Defendant's motion for a competency hearing (Dkt. 33) is also resolved by the foregoing analysis. Where Defendant's factual allegations — even if accepted as true — are insufficient to warrant equitable tolling of the statute of limitations, there is no need for an evidentiary hearing to determine the truth of those allegations. See Ata, 662 F.3d at 743. Defendant's motion for a competency hearing is based upon insufficient factual allegations, and, therefore, it is denied.

**B. Defendant is Not Entitled to Relief or Appointment of Counsel**

Even if Defendant had timely filed his motion, the motion nevertheless would be denied. It is well-settled that, in order to obtain habeas relief, a defendant must make more than conclusory allegations without evidentiary support. See, e.g., Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998). Here, Defendant's allegations are not even conclusory. They do not exist. Defendant has not named a ground for relief, let alone supported one with facts. Instead, he

repeatedly states only that he "seek[s] counsel for assistance for this claim." Def. Mot. at 5, 6, 8, 9.[1]

Defendant must demonstrate an entitlement to the privilege of habeas counsel, however, and Defendant's less-than-bare-bones claim for relief is fatal to his request for an attorney. A defendant has no absolute right to be represented by counsel on habeas corpus review. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Some of the factors a court should consider when making the decision to appoint counsel include the viability or frivolousness of the defendant's claims, the nature and complexity of the case, and the defendant's ability to present the case. See Sellers v. United States, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004). Furthermore, the rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures. See Rules Governing § 2255 Proceedings, Rule 6(a). A court also must appoint counsel if an evidentiary hearing is required. See id. Rule 8(c). These rules do not limit the appointment of counsel at any stage of the case, however, if the interest of justice so requires. Id.

Here, as discussed above, Defendant's claims — such as they are — are entirely frivolous, as his motion contains no actual arguments, grounds for relief, or factual accusations. His motion for the appointment of counsel mentions that he is receiving some psychological treatment, and it further acknowledges the risks of proceeding pro se, but the motion does not otherwise explain why counsel should be appointed. Without any factual claims or a stated cause of action, certainly, no evidentiary hearing is required. In turn, discovery is not necessary, and the interest of justice does not require appointment of counsel under the present

[1] In addition to requesting appointment of counsel in his motion, Defendant filed a separate request for the appointment of counsel. (Dkt. 22). Both requests are denied.

circumstances. In sum, Defendant fails to demonstrate his need for counsel, and his motion is denied.

**D. Certificate of Appealability**

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To meet that burden, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). Because reasonable jurists could not find this Court's assessment of his claims debatable, the Court will deny Defendant a certificate of appealability.

**IV. CONCLUSION**

For the foregoing reasons, the Court denies Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255, Defendant's Motion for a Competency Hearing, and Defendant's Motion for Appointment of Counsel.

SO ORDERED.

Dated: January 27, 2016
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 27, 2016.

s/Karri Sandusky
Case Manager.